ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 4 2010

JAMES N. HATTEN, CLERK
By: S. Branton

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMAHN JAMISON,

    Plaintiff,

v.

VITAL RECOVERY SERVICES, INC.

    Defendant.

PLAINTIFF'S VERIFIED
COMPLAINT AND
DEMAND FOR JURY
TRIAL

1:10-CV-1826-CC

TAMAHN JAMISON ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against VITAL RECOVERY SERVICES, INC., ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business and is principally located in the state of Georgia, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

## PARTIES

6.  Plaintiff is a natural person residing in the Fredericksburg, Spotsylvania County, Virginia.

7.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.  Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a national company located in Norcross, Gwinnett County, Georgia.

10. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant's representative, Ms. Dixon, placed collection calls to Plaintiff's work telephone number and left voicemail messages since on or about early February 2010.

12. Plaintiff contacted Defendant's representative, Ms. Dixon, and updated his contact information including address and cell phone number. Plaintiff then told Defendant not to contact him on his work telephone number.

13. On or about late February, Defendant's representative, Ms. Dixon placed a collection call to Plaintiff on Plaintiff's cell phone.

14. On April 13, 2010 at 2:58 p.m., Defendant's representative, Ms. Dixon, placed a collection call to Plaintiff on Plaintiff's work telephone number after Plaintiff advised Defendant that he could not discuss personal matters at work. Defendant stated that it did not have any

other phone number for Plaintiff. Plaintiff advised Defendant that he had updated all his information on the company website.

15. On April 20, 2010 at 1:01pm, Defendant's representative, Ms. Dixon, left a voice mail message on Plaintiff's work phone. (*See Voicemail Transcript as Exhibit A attached hereto*).

16. On May 4, 2010 at 7:58pm, Defendant's representative, Ms. Dixon, called again.

17. Plaintiff believes this debt is for a GMAC vehicle loan.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(1)* of the FDCPA by contacting Plaintiff at a place known to be inconvenient to the Plaintiff.

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of the debt by continually contacting Plaintiff at work after being told not to do so.

   c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of a debt.

   d. Defendant violated *§1692e(10)* of the FDCPA by using false representations and/or deceptive means in an attempt to collect a debt because Defendant's collector stated Defendant did not know Plaintiff's contact information and continued to contact Plaintiff on his work phone number after being told Plaintiff could not accept calls at work.

    e. Defendant violated *§1692f* of the FDCPA by using unfair and unconscionable means to collect or attempt to collect the Plaintiff's debt by continually contacting him on his work phone number after being told not to do so.

19. WHEREFORE, Plaintiff, TAMAHN JAMISON, respectfully requests judgment be entered against Defendant, VITAL RECOVERY SERVICES, INC., for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

23. Any other relief that this Honorable Court deems appropriate.

DATED: May 21, 2010

RESPECTFULLY SUBMITTED,

By: _____
Alex Simanovsky, Esq.
Attorney for Plaintiff
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345

Of Counsel
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA 90025

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TAMAHN JAMISON, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

VIRGINIA)

Plaintiff, TAMAHN JAMISON, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TAMAHN JAMISON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_6/11/10_
Date

_[signature]_
TAMAHN JAMISON

# EXHIBIT A

## TRANSCRIBED VOICEMAIL

This important message is for Tamahn Jamison. If you are not Tamahn Jamison, please hang up or disconnect. It you are Tamahn Jamison, please continue to listen to the message. By continuing to listen to the message, you are acknowledging you are Tamahn Jamison. This is Ms. Dixon with Vital Recovery Services a debt collector. This communication is an attempt to collect a debt and any information obtained will be used for that purpose. Return the call in regards to an important business matter to 1-866-312-5580, extension 2508.